10-4827-pr
Abreu v. Romero

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**


**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of March, two thousand twelve.

PRESENT:   AMALYA L. KEARSE,
                     RAYMOND J. LOHIER, JR.,
                     CHRISTOPHER F. DRONEY,
                                              *Circuit Judges*,

------------------------------------------------------------------

ERNESTO ABREU,
                              *Plaintiff-Appellant*,

                    v.                                                  No. 10-4827-pr

ANTHONY ROMERO, DETECTIVE, SHIELD # 05726, ALFRED HERNANDEZ, DETECTIVE, SHIELD # 5046, JOHN DOE, P.O., MARK MACDONNELL, SERGEANT, CAPTAIN HOUGH, OVERALL SUPERVISOR, CURRY, LT., # 3, WARRANT SUPERVISOR, MALONE, LT. # 6, INSP. HOURS, CULLY, LT. # 18, WARRANT SUPERVISOR, FLEMMING, DETECTIVE, # 7, ENTRY HYDRO, VIOLA, # 8, ENTRY HYDRO, RAMOS, # 9, ENTRY WALK-ON, NATHAN, # 11, FRONT WALK-ON, MCLOUGHLIN, DETECTIVE, # 5,

1

BUNKER SECURITY, BASTOS, DETECTIVE, # 10, HALL SEC., SMYKOSKI, DETECTIVE, # 12, FRONT SECURITY, THOMPSON, DETECTIVE # 13, FRONT SECURITY, KNIGHT, P.O., # 16, OPERATION IDS, CASTANZO, DETECTIVE, # 17, CANINE NOTIFIED,[*]

*Defendants-Appellees.*

-----------------------------------------------------------------------

FOR APPELLANT:     Ernesto Abreu, *pro se*, Batavia, NY.

FOR APPELLEE:      Pamela Seider Dolgow, of counsel (Ingrid Gustafson, Law Student, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-appellant Ernesto Abreu sued various officers of the New York City Police Department pursuant to 42 U.S.C. § 1983, claiming that they violated his Fourth Amendment rights when they entered and searched his apartment on February 26, 2008, discovered over two ounces of marijuana, and arrested him. Abreu also sued for false arrest, malicious prosecution, and abuse of process. He now appeals from the November 10, 2010 judgment of the United States District Court for the Southern District of New York granting the defendants' motion for summary judgment on all of these claims. Because the defendants did not violate Abreu's constitutional rights when they searched his home, arrested him, and prosecuted him for possession of marijuana, we affirm the judgment of the District Court.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

We review an award of summary judgment de novo. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010). "Summary judgment is appropriate when, construing the evidence in the light most favorable to the non-moving party, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Illegal Search and Seizure

The officers who searched Abreu's apartment on the night in question did so pursuant to a valid warrant, which was issued on the strength of defendant Detective Romero's affidavit asserting that he had overseen a "controlled buy" of narcotics at the apartment. Abreu argues that the "controlled buy" did not occur as Detective Romero represented it, and accordingly that the search warrant was not supported by probable cause. However, "a search or seizure pursuant to a warrant is presumed valid," and a party seeking to "challenge the truthfulness of factual statements made in the affidavit . . . must show that there were intentional and material misrepresentations or omissions in [the] warrant affidavit." United States v. Awadallah, 349 F.3d 42, 64 (2d Cir. 2003) (citation omitted) (citing Franks v. Delaware, 438 U.S. 154, 164-72 (1978)). Because Abreu adduced no evidence that the affidavit supporting the search warrant in this case contained intentional, material misrepresentations, the District Court correctly granted summary judgment to the defendants on this claim.

2. False Arrest and Malicious Prosecution

The District Court also correctly dismissed Abreu's claims for false arrest and malicious prosecution. "Under New York law, the existence of probable cause is an absolute defense to a false arrest claim," Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir.

3

2006), and to a malicious prosecution claim, <u>Savino v. City of New York</u>, 331 F.3d 63, 72 (2d Cir. 2003). "An officer has probable cause to arrest when he or she has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" <u>Jaegly</u>, 439 F.3d at 152 (quoting <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996)). Like the District Court, we conclude that the defendants had probable cause to arrest Abreu after they discovered over two ounces of marijuana in his bedroom. Accordingly, the District Court correctly granted summary judgment to the defendants on Abreu's claims for false arrest and malicious prosecution.

### 3. <u>Abuse of Process</u>

Finally, we conclude that the District Court correctly granted summary judgment on Abreu's claim for malicious abuse of process. To make out such a claim, Abreu was required to demonstrate that the defendants employed legal process "in order to obtain a collateral objective that is outside the legitimate ends of the process," such as retribution. <u>Cook v. Sheldon</u>, 41 F.3d 73, 80 (2d Cir. 1994). Abreu has proffered no evidence to suggest that the defendants had a collateral objective when they arrested and prosecuted him for possession of marijuana.

We have considered Abreu's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4